J-S95005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KHALIL M. GOGGINS | |
| Appellant | No. 1339 EDA 2016 |

Appeal from the PCRA Order entered April 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010865-2013

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 21, 2017**

Appellant, Khalil M. Goggins, appeals *pro se* from the April 1, 2016 order entered by the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court adequately summarized the underlying facts and the procedural history of the case.  *See* PCRA Court Opinion, 8/31/16, 1-3. Briefly, on September 5, 2014, Appellant was found guilty of terroristic threats and receiving stolen property.  On November 14, 2014, the trial court imposed an aggregate sentence of seven years' probation.  Appellant did not file a post-sentence motion or an appeal.

On December 24, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant throughout the

PCRA proceedings. Subsequently, counsel petitioned the PCRA court to withdraw as counsel. After reviewing the record, the PCRA court sent Appellant a notice pursuant to Pa.R.Crim.P. 907. Appellant did not respond to the notice. Accordingly, the PCRA court granted counsel's petition to withdraw and denied Appellant's PCRA petition. This appeal followed.

This Court recently reiterated the standard of review from the denial of PCRA relief as follows:

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Spotz**, 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Id.**

**Commonwealth v. Medina**, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (*en banc*).

On appeal, Appellant raises several claims. First, Appellant argues all prior counsel were ineffective for: (i) ignoring available and admissible evidence tending to establish a viable defense, (ii) failing to recognize he was prejudiced by "personal animosity by counsel toward [him]," and (iii) failing to represent him zealously. Appellant's Brief at 2-3, 5. Second, Appellant argues the trial court abused its discretion in imposing an

excessive sentence.  *Id.* at 3.  Third, Appellant argues the Commonwealth engaged in prosecutorial misconduct by vouching for "credibility of government witnesses."  *Id.* at 4.  Fourth, Appellant argues some unidentified witnesses testified falsely.  *Id.* at 5.

The first claim, alleging ineffective assistance of counsel, is waived for failure to develop it.  Nowhere did Appellant explain what evidence counsel failed to pursue and/or how he was prejudiced by counsel's failure, how he was prejudiced from counsel's animosity toward him (Appellant does not even identify the "hostile" counsel), or what a zealous counsel should have done in the instant matter or how was he prejudiced from counsel not being zealous.

It is well-established that counsel is presumed effective, and that petitioner has to allege and prove otherwise by a preponderance of evidence.[1]  Here, as noted above, he failed to do so.  Accordingly, no further review is warranted. ***See Commonwealth v. Steele****,* 961 A.2d 786, 797 (Pa. 2008) (stating that when an appellant fails "to set forth all three prongs

---

[1] ***Commonwealth v. Spotz***, 18 A.3d 244 (Pa. 2011):

> To prevail on an ineffectiveness claim, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction.

*Id.* at 260 (citations omitted).

of the ineffectiveness test and [to] meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development").

The second, third, and fourth claims are not cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2) (enumerating claims cognizable under the PCRA). Even if cognizable, Appellant waived all of them for not having raised them with the trial court or on direct appeal. ***See***, ***e.g.***, ***Commonwealth v. Wharton***, 811 A.2d 978, 984-85 (Pa. 2002); 42 Pa.C.S.A. § 9544 ("For purposes of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

In light of the foregoing, we conclude Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/2017